UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LSREF2 BARON, L.L.C.                          CIVIL ACTION

VERSUS                                        NO: 11-2969

YEMELOS ET AL.                                SECTION "J"(1)

**ORDER**

Before the Court are Defendants' **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 16)** and Plaintiff's opposition to the same **(Rec. Doc. 17)**. Defendants previously filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction **(Rec. Doc. 9)**, which this Court denied as moot after the Plaintiff, an LLC, filed an Amended Complaint **(Rec. Doc. 14)** clarifying the citizenship of its members. Defendants now argue that the Plaintiff's Amended Complaint **(Rec. Doc. 14)** was insufficient in that it failed to clarify whether or not the members in question were equivalent to corporations or LLCs for the purpose of establishing diversity under U.S.C. § 1332.

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear

the case.'" Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005). In weighing the evidence, the court may rely on the complaint by presuming the allegations in the complaint to be true or by supplementing the complaint with undisputed facts. Norske Stats Oljeselskap As v. HeereMac Vof, 241 F.3d 420, 424 (5th Cir. 2001). The party asserting jurisdiction must carry the burden of proving the existence of subject matter jurisdiction to survive a Rule 12(b)(1) motion to dismiss. Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). United States v. City of New Orleans, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not,

2

however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

Here, Plaintiff alleges in its Amended Complaint **(Rec. Doc. 14)** that the LLC members in question are "limited corporations" under Bermuda law. Accepting this allegation as true, the Court finds that at this time the Plaintiff's description of the LLC members is sufficient to establish that they are corporations for the purpose of establishing diversity jurisdiction. As such, its previous finding of complete diversity stands. Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss (Rec. Doc. 16)** is hereby **DENIED** without prejudice.

New Orleans, Louisiana this 25th day of June, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE